# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

No. 06-60767
Summary Calendar

ARTHUR FULTON

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 548 834

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Arthur Fulton ("Fulton") petitions for review of the Board of Immigration Appeals' ("BIA" or "Board") decision vacating the immigration judge's ("IJ") grant of asylum and ordering Fulton removed to Zimbabwe. Fulton asserts that he established that he would face persecution if he returned to Zimbabwe because government supporters attacked white farm owners and because whites in general were labeled anti-government. The IJ supported his grant of asylum on two grounds. The IJ found that Fulton had established a well-founded fear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of persecution based upon his race and his membership in a particular social group. The social group at issue was that of "white farmers." The BIA determined that Fulton was not eligible for asylum, but only discussed evidence related to Fulton's status as a white farmer. The BIA did not address race-based persecution. Because the BIA failed to address one of the grounds for asylum granted by the IJ, we vacate and remand.

To be eligible for asylum, an alien must establish refugee status pursuant to the definition of "refugee" found in 8 U.S.C. § 1101(a)(42)(a). Fulton claims that he falls within the statutory definition of refugee based on his "well-founded fear of persecution on account of race… [and his] membership in a particular social group." 8 U.S.C. § 1101(a)(42)(A). A well-founded fear of persecution on either ground would satisfy the statute. To prove a well-founded fear of persecution Fulton must show "that a reasonable person in the same circumstances would fear persecution if deported." Mikhael v. INS, 115 F.3d 299, 304 (5th Cir. 1997).

We review the factual determination that an alien is not a "refugee" only to certify that the conclusion is supported by substantial evidence. Adebisi v. INS, 952 F.2d 910, 912 (5th Cir. 1992). We must affirm the BIA's decision unless the record evidence compels a contrary conclusion. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). In carrying out our review function we are normally limited to the administrative record and the BIA's opinion, but in this case we refer to the IJ's decision to the extent necessary to reveal omissions of the BIA. See Mikhael, 115 F.3d at 302 (noting that we may review an IJ's decision if it has "some impact on the BIA's decision."). Despite our normally deferential posture, our review under any applicable standard is frustrated in this case by the BIA's failure to address one of two alternative grounds on which the IJ based his grant of asylum.

The IJ granted asylum to Fulton based on his establishing a well-founded fear of persecution because of his race and his belonging to a particular social

group. The BIA's opinion discusses evidence of the social group grounds, reaching a specific conclusion that Fulton is not a white farmer. After discussing evidence related to Fulton's status as part of the group "white farmers," the BIA concludes generally that "respondent's testimony and documentary evidence fail to meet his burden of proving that he has an objectively reasonable well-founded fear of persecution upon return to Zimbabwe." However, absent from the BIA's opinion is any mention of the IJ's conclusion that Fulton also established a well-founded fear of persecution based on his race. Nor does the BIA's opinion analyze any of the evidence that Fulton presented to establish his fear of racial persecution. Either ground for asylum would be sufficient standing alone. Both grounds were made clear in the IJ's decision, and raised by the parties in their briefs to the BIA on appeal.

"While we do not require the BIA to address evidentiary minutiae or write any lengthy exegesis, its decision must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims." Abdel-Masieh v. INS, 73 F.3d 579, 585 (5th Cir. 1996) (internal citation and quotation marks omitted). Further, we have recognized that on review we must "ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." Zamora-Garcia v. INS., 737 F.2d 488, 490 (5th Cir. 1984). The BIA's opinion does not reflect any consideration of Fulton's claim for asylum based on his fear of racial persecution. Our usual deference to the BIA's expertise in immigration matters is predicated on our knowledge that the Board has in fact exercised that expertise. See Abdel-Masieh, 73 F.3d at 585 (adopting approach of Sanon v. INS, 52 F.3d 648, 651 (7th Cir. 1995)). Since the BIA's opinion provides no analysis of law or record evidence related to persecution based on race, the Board has failed to provide us with a basis for its decision to vacate the IJ's decision on that ground. See Zhu v. Ashcroft, 382 F.3d 521, 527 (5th Cir. 2004) (noting that we are free to vacate and remand when we cannot determine why an applicant was denied relief).

For the foregoing reasons, we GRANT the petition for review. We VACATE the BIA's decision and REMAND with instructions to address both grounds supporting the IJ's grant of asylum.